446 April 2, 2025 No. 283

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Marion County Circuit Court
24CC02699; A184597

Drew P. Taylor, Judge pro tempore.

Submitted February 14, 2025.

Joseph R. DeBin and Multnomah Defenders Inc. filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant seeks reversal of a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, as well as an order prohibiting the purchase or possession of firearms. The trial court entered that judgment and order after finding that appellant suffered from a mental disorder that caused him to be dangerous to himself and others and that he was unable to provide for his basic needs. *See* ORS 426.005(1)(f)(A)-(B). We reverse.[1]

Appellant challenges the sufficiency of the state's evidence to support the trial court's determination that he had a mental illness, and that he was dangerous to himself or others or unable to provide for his basic needs. The state concedes that the record was legally insufficient for the trial court to conclude that appellant was dangerous or unable to meet his basic needs. Having reviewed the record, we agree with and accept the state's concession. *See State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) ("the threatened harm to self must involve serious and actual physical harm in the near term" (internal quotation marks omitted)); *see id.* at 754 (a person is dangerous to others when "actual future violence is highly likely" (internal quotation marks omitted)); *see also State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (explaining that a person is unable to provide for basic personal needs when "the person's safe survival will be compromised—in the near future, even though that risk is not imminent").

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.